UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED J. BAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>OLYMPIA UNION GOSPEL MISSION; OLYMPIA UNION GOSPEL MISSION BOARD OF DIRECTORS; LOREN STEFFEN; and MINDY CRUMP,<br><br>    Defendants. | CASE NO. 3:23-cv-5337<br><br>CORRECTED ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL |

  Under Fed. R. Civ. P. 60(a), the Court may correct "a mistake arising from oversight or omission whenever found in a judgment, order, or other part of the record. The [C]ourt may do so on motion or on its own, with or without notice." In this corrected Order, the Court *sua sponte* corrects an error regarding Washington House Bill 1788 in its February 8, 2024, Order.

CORRECTED ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL - 1

## 1. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Jared J. Bailey's motion to disqualify Olympia Union Gospel Mission's counsel: Paul J. Triesch and his firm, Keating, Bucklin, and McCormack, Inc., P.S. Dkt. No. 23. Bailey argues the Washington State Bar Association lacks legal authority to license attorneys to practice law in Washington, and that, because Triesch is a WSBA member, he therefore lacks a license to practice law in Washington. Bailey also requests "a trial by referee tribunal." *Id.* at 4.

As explained below, Bailey is not entitled to any of the relief sought.[1] Accordingly, the Court DENIES his motion.

## 2. ANALYSIS

### 2.1. Legal standard.

Attorneys are justified in moving to disqualify opposing counsel when there is a serious conflict of interest or some other compelling justification. But Courts are reluctant to grant motions to disqualify counsel absent compelling circumstances. "[D]isqualification is considered to be a drastic measure that is generally disfavored and imposed only when absolutely necessary." *Shawarma Stackz LLC v. Jwad*, No. 21-CV-01263-BAS-BGS, 2021 WL 5830625, at *3 (S.D. Cal. Dec. 8, 2021) (internal citations omitted).

---

[1] Union Gospel did not respond to Bailey's motion. *See* Dkt. Perhaps it considered Bailey's motion so lacking in merit that it did not warrant a response. If so, this was a dangerous strategy since the Court may consider a failure to file a responsive brief an admission that the motion has merit. *See* LCR 7(b)(2). A better strategy would have been to file a response, however short, addressing the issues raised by Bailey to aid the Court in its analysis and to ensure that a just outcome is reached.

CORRECTED ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL - 2

Motions to disqualify are "subjected to 'particularly strict judicial scrutiny'" to limit gamesmanship. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal citation omitted). Federal courts apply state law in determining matters of disqualification. *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1049 (9th Cir. 2016). "In determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities, the Court first refers to the local rules regulating the conduct of members of its bar." *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560 (W.D. Wash. 1986).

**2.2.   Bailey's arguments for disqualifying opposing counsel lack merit.**

Relying on *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31,* 138 S. Ct. 2448 (2018), Bailey argues the United States Supreme Court invalidated "integrated State Bar Associations," like the WSBA, as "constitutionally defective[.]" Dkt. No. 23 at 2. Bailey argues that, as a result, it is "unlawful" under the "Washington State Bar Repeal Act HB 1788" for Triesch to represent Union Gospel. *Id.* Bailey is wrong on all counts.

To start, nothing in *Janus* supports Bailey's argument. In *Janus,* the Supreme Court held that the State of Illinois violated the First Amendment by authorizing public-sector unions to charge non-member employees an "agency fee" for their proportionate share of union costs, like lobbying and advertising expenses, when negotiating a contract that would apply to all public employees. *See* 138 S. Ct. at 2486. Contrary to Bailey's claims, nothing in the Court's opinion expressly invalidated "integrated bar" associations.

CORRECTED ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL - 3

Next, Washington House Bill 1788 was never signed into law and therefore did not repeal portions of the State Bar Act, as Bailey contends. *See* H.B. 1788, 66 Leg., Reg. Sess. (Wash. 2019). WSBA membership is still mandatory to practice law in Washington, and the failed bill does not alter this fact. *Beauregard v. Wash. State Bar Ass'n*, 480 P.3d 410, 415 (2021) (citing RCW 2.48.170; *State ex rel. Foster v. Wash. State Bar Ass'n*, 162 P.2d 261, 264 (1945) ("The state bar act ... provides that no person may engage in the practice of law in this state unless and until [they] becom[e] a member of the state bar association.")). Thus, HB 1788 does not render Triesch's representation of Union Gospel unlawful.

Finally, the Court takes judicial notice that Triesch is a WSBA member in good standing. *See* Fed. R. Evid. 201; *see also Whitehead v. Netflix, Inc.*, No. 22-CV-04049-CRB, 2022 WL 17342602, at *9 (N.D. Cal. Nov. 30, 2022) (taking judicial notice of an attorney's bar membership page because it is a public record that "can be accurately and readily determined from sources whose accuracy cannot be readily questioned" (quoting Fed. R. Evid. 201(b))).

Accordingly, Bailey fails to identify any grounds that would compel the Court to disqualify Triesch.

### 2.3. Bailey does not have a right to "trial by referee tribunal" in federal court.

Bailey demands that the "Jury Trial be modified or replaced with Plaintiff recommended Referee Tribunal." Dkt. No. 23 at 1, 8. In support of his request, Bailey quotes lengthy excerpts from RCW Chapter 4.48 without explanation or analysis. Bailey's request is doomed, however, because federal procedural rules

apply here, not state procedural law. *See* Fed. R. Civ. P. 1; *Hanna v. Plumer*, 380 U.S. 460 (1965) (explaining procedural requirements in federal court are governed by federal, not state, procedural law). The Federal Rules of Civil Procedure do not provide a mechanism for trial be referee tribunal.

### 3. CONCLUSION.

In sum, the Court DENIES Plaintiff's motion in its entirety.

Dated this 16th day of February, 2024.

Jamal N. Whitehead
United States District Judge