1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

| | |
|---|---|
| JARED J. BAILEY ET AL.,<br><br>    Plaintiff,<br><br>  v.<br><br>OLYMPIA UNION GOSPEL MISSION;<br>OLYMPIA UNION GOSPEL MISSION<br>BOARD OF DIRECTORS; LOREN<br>STEFFEN; MINDY CRUMP,<br><br>    Defendants. | CASE NO. 3:23-cv-05337<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

14

15

## 1. INTRODUCTION

16

17

18

19

20

21

22

This is an employment action. Plaintiff Jared Bailey alleges that Defendants Olympia Union Gospel Mission (OUGM), OUGM's Board of Directors, Loren Steffen, and Mindy Crump violated the False Claims Act, 42 U.S.C §§ 1981 & 1983, and Title VII of the Civil Rights Act of 1964. This matter comes before the Court on Defendants' motion for summary judgment. Dkt. No. 25. Defendants move for summary judgment on all of Bailey's claims. For the reasons explained below, the Court GRANTS Defendants' motion for summary judgment.

23

## 2.  BACKGROUND

In February 2021, OUGM, an evangelical Christian rescue mission serving Olympia, Washington, hired Bailey as a security guard. Dkt. No. 26 ¶ 3. In June 2021, OUGM's executive director, Steffen, claims he began receiving complaints that Bailey was espousing spiritual beliefs during his shifts to staff, volunteers, and clients, that were contrary to OUGM's core beliefs and Statement of Faith. *Id.* ¶¶ 5, 7.

On January 1, 2022, Steffen received a report that Bailey was involved in a physical altercation with an OUGM patron. *Id.* ¶ 12. As part of an investigation into the incident, Steffen reviewed OUGM's security camera footage and concluded that Bailey used an unjustified level of force against the patron. *Id.* ¶¶ 12-15. On January 20, 2022, OUGM terminated Bailey's employment for his "unjustified use of force on a Mission guest on January 1, 2022, at approximately 7:36 a.m." Dkt. No. 26-5 at 2.

Bailey then filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC), alleging "retaliation, national origin, race and religion" discrimination. Dkt. No. 26-6 at 2-3. OUGM responded to the charge, denying that it had engaged in unlawful discrimination. Dkt. No. 26-7 at 2-6.

## 3.  DISCUSSION

### 3.1    Legal standard.

"[S]ummary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

*Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (internal citation omitted). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, courts must view the evidence "'in the light most favorable to the non-moving party.'" *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019) (internal citation omitted). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Summary judgment should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**3.2    Bailey's False Claims Act claim fails as a matter of law.**

Bailey argues OUGM violated the False Claims Act (FCA) by falsely claiming to the EEOC that it "fired [Bailey] for criminally assaulting an OUGM guest" when Bailey "has never been convicted of assaulting [sic]." Dkt. No. 28 at 2. In response, OUGM contends that Bailey fails to state a claim because he does not allege, much less prove, OUGM made a false claim within the meaning of the FCA and obtained money from the government as a result. The Court agrees.

The FCA imposes civil liability on "any person" who "knowingly present[s], or caus[es] to be presented, a false or fraudulent claim for payment or approval" to the government or to certain third parties acting on the government's behalf. *Cochise*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

*Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019) (internal quotations and citation omitted). "The FCA allows private individuals, referred to as 'relators,' to bring suit on the Government's behalf against entities that have violated the Act's prohibitions." *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016) (citing 31 U.S.C. § 3730(b)(1)). "[A] successful False Claims Act claim requires: '(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due.'" *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018) (quoting *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006)).

Bailey's FCA claim fails for at least two reasons. First, Bailey may not proceed pro se on his FCA claim. "Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain," they may *not* "proceed pro se in FCA actions." *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007). Second, Bailey has neither alleged nor demonstrated that OUGM's allegedly false statement to the EEOC caused the government to pay out or forfeit any moneys due.

Accordingly, Bailey's FCA claim is DISMISSED.

## 3.3 OUGM is entitled to summary judgment on Bailey's intentional discrimination claims.

Bailey alleges OUGM violated Title VII and Section 1981 by discriminating against him because of his religion and race. He offers no direct evidence of religious

1   or racial discrimination by OUGM, so the Court turns to the time-tested *McDonnell*

2   *Douglas* burden shifting framework to evaluate his claims at the summary

3   judgment stage. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103-07 (9th Cir.

4   2008) (applying same legal principles to Title VII and Section 1981 racial

5   discrimination claims, including the *McDonnell Douglas* burden-shifting

6   framework); *Bodett v. CoxCom, Inc.,* 366 F.3d 736, 743 (9th Cir. 2004) (applying

7   *McDonnell Douglas* burden-shifting framework to Title VII religious discrimination

8   claim); *see also Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct.

9   1009, 1019 (2020) (the *McDonnell Douglas* framework is a tool for assessing claims

10  at the summary judgment stage).

11          There are three steps under the *McDonnell Douglas* framework: First, the

12  employee must establish a prima facie case of discrimination. *McDonnell Douglas*

13  *Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employee establishes a prima facie

14  case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory

15  reason for the challenged action. *Id.* Finally, if the employer carries its burden, the

16  employee must show that the "reason is pretextual either directly by persuading the

17  court that a discriminatory reason more likely motivated the employer or indirectly

18  by showing that the employer's proffered explanation is unworthy of credence."

19  *Chuang v. Univ. of Cal. Davis*, *Bd. Of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000)

20  (internal quotation marks omitted).

21          Taking the facts in the light most favorable to the non-moving party, the

22  Court finds that Bailey has established a prima facie case of discrimination by

23  showing that (1) he is African American and follows "Orthodox Christianity," (2) he

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

was qualified to work as a security guard at OUGM, (3) he was placed on administrative leave and fired, and (4) that he was treated less favorably than others outside his protected class. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (describing elements of prima facie case under *McDonnell Douglas* framework); *see also* Dkt. No. 26-6 at 2-3. OUGM argues otherwise, contending that Bailey has not put forth sufficient evidence to demonstrate a question of fact, but in an employment discrimination dispute, a plaintiff generally needs to "produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang*, 225 F.3d at 1124. And only "minimal" proof is required on summary judgment to establish a prima facie case, not even rising to the level of a preponderance of the evidence. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Likewise, the Court finds that OUGM has provided, in the form of its termination letter and sworn declarations, evidence that it fired Bailey for getting into a physical altercation with a guest.

So Bailey's discrimination claims turn on whether OUGM's stated reason for firing him was in fact a pretext for discrimination. Bailey suggests that OUGM's explanation for firing him was false because OUGM wrongly identified the man Bailey was fighting with in the security camera footage. But "courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (internal quotations omitted). Bailey has provided no

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

evidence indicating that OUGM's proffered explanation was false and that its actual motivation was racial or religious animus toward him.

Because Bailey cannot show that triable issues exist regarding pretext, summary dismissal of his Title VII and Section 1981 race discrimination claims is warranted.

### 3.4    Bailey cannot maintain a Section 1983 claim against OUGM.

OUGM moves for summary judgment on Bailey's Section 1983 because he has failed to allege state action. To state a claim under Section 1983, Bailey must show (1) that a right secured by the Constitution or federal law was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citation omitted). The Court starts with the "presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). But "action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (internal citations omitted).

Here, Bailey fails to allege, much less generate a question of fact, about whether OUGM was acting under color of state law or that there was significant state involvement here. This is fatal to his Section 1983 claim. Accordingly, the

Court GRANTS OUGM's motion for summary judgment on Bailey's Section 1983 claim.

## 4. CONCLUSION

In sum the Court GRANTS Defendants' motion for summary judgment on all claims. Dkt. No. 25.

Dated this 19th day of April, 2024.

Jamal N. Whitehead
United States District Judge